501

Before the First Division, June 4, 1952

No. 56743.—Air Express Int'l Agency, Inc. v. United States, petition 6797–R (Miami).

Opinion by Oliver, C. J. From the testimony it appeared that a difference of opinion developed between the customs officials and the petitioner as to the correct values, and it was agreed that the three entries in question be selected as a test case. The petitioner entered at the invoice prices which it believed represented the correct values, and the appraiser agreed to withhold appraisement of the balance of the merchandise pending the final decision of the court in the test case. Subsequently, after the appraiser had advanced the entered values, appeals for reappraisement were filed, but they were later abandoned when the importer was unable to procure any information from abroad relative to the correct values. On the record presented it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

Before the First Division, June 5, 1952

No. 56744.—Wm. V. Schmidt Co., Inc. v. United States, protest 182103–K (New York).

Opinion by Oliver, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of S. Nathan & Co., Inc. v. United States (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

Before the Second Division, June 5, 1952

No. 56745.—E. J. Keller Co., Inc. v. United States, protests 138913–K and 140632–K (New York).

Opinion by Rao, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that which was the subject of The Midwest Waste Material Co. and E. J. Keller Co., Inc. v. United States (28 Cust. Ct. 8, C. D. 1382), the claim of the plaintiff was sustained.

Ford, J., dissented from the conclusion reached by his associates in this case for the reasons stated in his dissenting opinion in C. D. 1382, supra.